925 F.2d 490
 288 U.S.App.D.C. 259
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Antonio Mark McLAUGHLIN, Appellant.
 No. 90-3126.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 19, 1991.
 
 Before WALD, BUCKLEY and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on appeal from the United States District Court's denial of a motion to suppress. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying Memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED, by the Court, that the District Court's denial of the motion to suppress be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Antonio Mark McLaughlin ("Appellant") appeals the District Court's order denying the motion to suppress physical evidence and statements obtained from the appellant. Appellant contends that the evidence was obtained as a result of an illegal seizure while he was being interviewed by police officers inside a public bus station. We hold that the interview did not constitute an illegal seizure, that the search of appellant's tote bag and person was consensual, and that the appellant knowingly and voluntarily waived his Fifth and Sixth Amendment rights when he spoke to the police after the Miranda warnings were given. Accordingly, we affirm the District Court's decision to deny the suppression motion.
 
 I. BACKGROUND
 
 5
 Appellant in this case was charged with possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. Secs. 841(a), 841(b)(1)(B)(iii). According to the credited facts in the record the appellant entered the Washington, D.C. Greyhound bus station on December 3, 1989, at about 11:52 p.m. He walked directly to a telephone, placed a call, and then proceeded toward the station exit. One police officer approached appellant while he was walking away from the telephone. The officer was in plain clothes with his weapon concealed. He identified himself as a police officer and asked the appellant for permission to speak with him. Appellant agreed to the interview. At that time a second officer was standing approximately 3-4 feet away from the appellant, and a third officer was standing approximately 25 feet away.
 
 
 6
 The officer asked to see appellant's bus ticket and asked appellant about his origin and destination. Appellant said that his ticket was on the bus. The officer indicated that appellant need not retrieve the bus ticket. The officer next explained the drug problem and the drug interdiction effort and asked appellant if he had drugs in either his tote bag or on his person. Appellant replied that he did not.
 
 
 7
 The officer then asked appellant if he would give permission to search his tote bag and his person. Appellant said yes and placed the tote bag on the ground. The officer searched appellant's bag and observed several "small green glassine baggies," which the officer believed were used to package cocaine for distribution. While the first officer searched the bag, the second officer moved closer to appellant, standing beside appellant within arm's reach of him and carrying on a general conversation with him.
 
 
 8
 After conducting the search of the tote bag, the first officer asked again if appellant would agree to a search of his person. Appellant said yes. During a pat down search of the outside of appellant's jacket, the officer felt a "rocky like substance" in appellant's inner jacket pocket. The officer asked appellant to identify the object and appellant said it was his hat. The officer removed appellant's hat from the inner pocket, then he reached into the pocket again and found a plastic bag containing "glass like baggies" and a rock like substance he recognized to be crack cocaine. At that time, the second officer placed appellant under arrest while the first officer advised him of his Miranda rights.
 
 
 9
 The credited testimony indicates that none of the officers touched the appellant prior to his arrest. After the arrest and after his Miranda rights were read, appellant stated that he did not know how the cocaine had gotten into his pocket. After that statement, the officers repeated the Miranda warnings and asked if appellant understood them. Once back at the police station, the Miranda warnings were read again and appellant signed a statement stating that he understood and waived his Fifth and Sixth Amendment rights.
 
 II. THE DISTRICT COURT'S RULING
 
 10
 The District Court specifically credited the testimony of the police officers, recounted above. The court specifically rejected the testimony of appellant, which indicated that the police officers had physically restrained him when he attempted to walk to the bus to retrieve his ticket. The appellant's testimony was the only evidence in conflict with the other evidence presented in the case. In crediting the police officers' testimony, the court found that the encounter between the officers and the appellant was consensual and did not constitute a seizure, that the search was conducted subject to appellant's consent, and that the appellant knowingly and voluntarily waived his Fifth and Sixth Amendment rights after hearing his Miranda warnings. Consequently, the court denied appellant's motion to suppress the evidence.
 
 III. ANALYSIS
 
 11
 This court must review the record in this case to determine if the District Court's findings are clearly erroneous. See United States v. Winston, 892 F.2d 112, 118 (D.C.Cir.1989). In this case, the District Court chose to credit the testimony of the police officers and to discredit the only conflicting testimony, that of the appellant. This court cannot overturn a credibility finding on clearly erroneous grounds. See United States v. Brady, 842 F.2d 1313, 1315 (D.C.Cir.1988) ("based on the demeanor and credibility evidence, [the trial court's findings] cannot be said to be clearly erroneous"). Therefore, we will defer to the District Court's credibility determinations.
 
 
 12
 A. The Encounter Between Appellant and the Police Officer
 
 
 13
 Based on the credited evidence, one officer approached the appellant and asked to speak with him. This encounter did not constitute a seizure. A seizure occurs only when "a reasonable person would have believed he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980); see also Terry v. Ohio, 392 U.S. 1, 16 (1968); Michigan v. Chesternut, 486 U.S. 567, 571 (1988); Immigration and Naturalization Service v. Delgado, 466 U.S. 210, 215 (1984).
 
 
 14
 Under the "totality of the circumstances" test, a consensual encounter between a citizen and a police officer can transform into a seizure if there is a display of weapons, physical intimidation or threats by the police, multiple police officers questioning the individual, or an unusual place or time for questioning. See United States v. Maragh, 894 F.2d 415, 418 (D.C.Cir.1990); United States v. Baskin, 886 F.2d 383, 386-87 (D.C.Cir.1989), cert. denied, 110 S.Ct. 1831 (1990); United States v. Carrasquillo, 877 F.2d 73, 76 (D.C.Cir.1989); United States v. Lloyd, 868 F.2d 447, 450 (D.C.Cir.1989). However, a police encounter involving no more than an approach, questioning, and display of official identification does not constitute a seizure under the totality of the circumstances test. See Florida v. Royer, 460 U.S. 491, 502 (1983) (plurality opinion); Carrasquillo, 877 F.2d at 76; Lloyd, 868 F.2d at 451.
 
 
 15
 This case involves a garden variety consensual encounter between a citizen and a police officer. The officer was plain clothed and did not display any weapons. In a conversational tone, he asked permission to speak with appellant, and asked permission to search appellant's tote bag and person. The credited evidence indicates that appellant was never physically threatened or intimidated. Appellant was never surrounded by police officers; at most there were two officers standing near him, one in front of him and one beside him. All of the evidence suggests that the appellant was cooperative and consented to the interview as well as the search. Although the District Court implicitly credited appellant's testimony that the first officer told the appellant not to retrieve his ticket from the bus, the court nonetheless found that the officer's statement was not intended to restrain the appellant or to prevent him from leaving if he so chose. Therefore, the encounter was consensual and did not constitute a seizure.
 
 
 16
 B. The Search of Appellant's Tote Bag and Person
 
 
 17
 A warrantless search of a person or his belongings is valid if there is voluntary consent. Voluntariness is based upon the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 223 (1973). According to the credited testimony, the officer asked the appellant's permission to search his tote bag and his person, and consent was freely given. There is no evidence of coercion. See, e.g., Brady, 842 F.2d at 1315 (evidence of coercion may include "aggressive questioning, intimidating actions, or prolonged police presence"). Because we have found that the encounter was consensual, and therefore the appellant was free to leave, we also find that consent to search the tote bag and appellant's person was voluntarily given.
 
 C. Appellant's Post-Arrest Statement
 
 18
 Appellant asserts that his statement that "he didn't know how the crack got into his pocket" was a result of the illegal detention, or in the alternative, was in violation of his Miranda rights. We have already determined that the encounter did not constitute an illegal detention; therefore, we will turn directly to his contention that his Miranda rights were violated.
 
 
 19
 First, consensual police encounters are not subject to the requirements of Miranda. See Berkemeyer v. McCarty, 468 U.S. 421, 440 (1984); Miranda v. Arizona, 384 U.S. 436, 467 (1966). Therefore, Miranda warnings were not required until the appellant was "in custody" or under arrest.
 
 
 20
 Second, the credited evidence indicates that as soon as appellant was placed under arrest, Miranda warnings were given. Any statement made subsequent to the Miranda warnings would constitute a waiver of the appellant's Fifth and Sixth Amendment rights, so long as the waiver was made knowingly and voluntarily. See Bustamonte, 412 U.S. 226; Moran v. Burbine, 475 U.S. 412, 421 (1986). Appellant's statement was made after the arrest and after the officer read the Miranda warnings. The credited evidence suggests that the appellant understood his rights and voluntarily waived them. Therefore, there was no violation of appellant's Fifth and Sixth Amendment rights under Miranda.
 
 III. CONCLUSION
 
 21
 Based on demeanor and credibility evidence, the District Court found that the encounter between the police officers and the appellant was consensual, that the appellant consented to the search of his tote bag and person, and that the appellant voluntarily and knowingly waived his Fifth and Sixth Amendment rights when he made a statement after receiving his Miranda warnings. We hold that these findings are not clearly erroneous. Therefore, the District Court's denial of the suppression motion is
 
 
 22
 Affirmed.